JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gabriela Hernandez,<br><br>          Plaintiff,<br><br>v.<br><br>Jostens, Inc.,<br><br>          Defendant. | Case No. 2:23-cv-05227-HDV-RAO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 15]** |

1

## I. INTRODUCTION

Plaintiff Gabriela Hernandez brings this lawsuit against Defendant Jostens, Inc.,[1] a retailer of school memorabilia, asserting that it violates the Video Privacy Protection Act ("VPPA"). Before the Court is Defendant's Motion to Dismiss ("Motion"), which seeks dismissal of Plaintiff's First Amended Complaint on the grounds that it fails to allege adequately two elements of a VPPA claim: (1) that Defendant is a "video tape service provider" and (2) that Plaintiff is a "consumer," or "subscriber." The Court finds that the Complaint cannot plausibly allege these two necessary elements, and for that reason does not state a viable VPPA claim. The First Amended Complaint is dismissed without leave to amend.

## II. BACKGROUND

Defendant is a Minnesota corporation that operates an e-commerce website selling school-related memorabilia such as yearbooks and class pictures. First Amended Complaint ("FAC") ¶ 5 [Dkt. No. 14]. Plaintiff is a consumer privacy advocate who watched a video titled "Why JostensPIX" on Defendant's website in 2023. *Id.* ¶¶ 4, 41. As alleged, Defendant tracks the videos visitors watch and reports certain information to Google through "Google Analytics." *Id.* ¶ 46. This information includes the title of the video watched and the site visitor's unique personal identification number assigned to each user's Google account. *Id.* Plaintiff also downloaded Defendant's mobile application onto her smart phone. *Id.* ¶ 43.

On June 30, 2023, Plaintiff initiated this putative nationwide class action asserting a violation of the Video Privacy Protection Act, 18 U.S.C. §§ 2710, et seq. [Dkt. No. 1]. Defendant filed the present Motion on August 28, 2023. [Dkt. No. 15]. On November 16, 2023, the Court heard oral argument and took the Motion under submission. [Dkt. No. 23].

## III. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] DBA www.jostens.com.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Only where a plaintiff fails to "nudge[] [his or her] claims … across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Congress enacted the VPPA in 1988 to "preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S. Rep. 100-599 at 1 (1988); *see also Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015) ("The VPPA was enacted in 1988 in response to the Washington City Paper's publication of then-Supreme Court nominee Robert Bork's video rental history."). The Act provides that "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person …." 18 U.S.C. § 2710(b)(1). To plead a claim under the VPPA, a plaintiff must plausible allege that: (1) the defendant is a "video tape service provider," (2) the defendant disclosed "personally identifiable information concerning any [consumer]" to "any person," (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by Section 2710(b)(2)." *Mollett*, 795 F.3d at 1066.

### A. Video Tape Services Provider

The VPPA defines a "video tape service provider" as "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials …." 18 U.S.C. § 2710(a)(4). "[F]or the defendant to be engaged in the business of delivering video content, the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose." *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017); *see*

3

*id.* ("When used in this context, 'business' connotes 'a particular field of endeavor,' i.e., a focus of the defendant's work."). Indeed, courts in the Ninth Circuit have recognized consistently that delivering video content must be central to the defendant's business or product for the VPPA to apply. *See, e.g., Carroll v. Gen. Mills, Inc.*, No. 23-cv-1746-DSF-MRW, 2023 WL 4361093, at *4 (C.D. Cal. June 26, 2023) ("The videos on the website are part of Defendant's brand awareness, but they are not Defendant's particular field of endeavor. Nothing suggests that Defendant's business is centered, tailored, or focused around providing and delivering audiovisual content."); *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL, 2023 WL 6451109, at *4 (S.D. Cal. Oct. 3, 2023) ("That the videos are used for marketing purposes, as admitted in the SAC, demonstrates that they themselves are not Defendant's product and therefore are only peripheral to Defendant's business.").

Applying this standard, the Court finds that the FAC does not plausibly allege that Defendant is a video tape service provider under the VPPA. The FAC alleges Defendant is a Minnesota-based company that "is primarily known for its production of yearbooks and class pictures vias its Website." FAC ¶ 5. Plaintiff also alleges that "Defendant advertises video content on its Website and encourages visitors to its Website to watch the video content that Defendant hosts there." *Id.* ¶ 9. The FAC goes on to state:

> Defendant has designed and developed its Website so that it is significantly tailored to deliver video content to consumers. The delivery of video content to consumers on the Website is a core component of the Website, which is a critical marketing channel used by Defendant to attract potential, new customers and retain existing customers with appealing video content. Defendant has incurred significant expense to design and maintain its Website to deliver video content to consumers. Defendant is substantially involved in the creation and distribution of video content to visitors to its Website.

*Id.* ¶¶ 10–11. Plaintiff does not allege that Defendant sells such video content or even receives remuneration from any third party in connection with any videos; rather, Plaintiff explains that Defendant's videos "encourag[e] visitors to use and purchase Defendant's products" and "promot[e]" or "showcas[e]" those products. *Id.* ¶¶ 11, 26–33. In Plaintiff's own words, the videos are aimed toward the sale of Defendant's products and are a marketing tool to promote Defendant's brand and website, nothing more. Plaintiff's contentions about the "significant expense" incurred in producing "numerous pre-recorded videos," *id.* ¶¶ 13–14, are irrelevant to the claims and do not

transmute this "marketing channel" into the central focus of Defendant's business. *Id.* ¶ 10.

In summary, Defendant's videos **market** Defendant's goods; they are not themselves the goods on offer. *Id.* ¶¶ 15–16. It is simply not plausible to allege, as Plaintiff does here, that Defendant is "engaged in the business" of delivering video content by including on its website prerecorded videos that market the products it sells. *Id.* ¶¶ 8, 14–16. The FAC fails to allege how these videos are central, rather than "peripheral to Defendant's business." *See Cantu*, 2023 WL 6451109, at *4. Nor could any plausible amendment remedy this fatal deficiency.

## B. Consumer

The VPPA applies only to "consumers," defined as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). "In the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large." *Carter v. Scripps Networks, LLC*, --- F. Supp. 3d ---, No. 22-cv-2031-PKC, 2023 WL 3061858, at *6. (S.D.N.Y. Apr. 24, 2023). Thus, as numerous courts have recognized, the VPPA allows an action to be brought only "by a renter, purchaser [or] subscriber *of audio visual materials*, and not a broader category of consumers." *Id.* (emphasis added); *see also Salazar v. Glob.*, No. 3:22-CV-00756, 2023 WL 4611819, at *11 (M.D. Tenn. July 18, 2023) (holding that a "subscriber" is only a "consumer" under the VPPA "when they subscribe to audio visual materials"); *Tawam v. Feld Ent. Inc.*, No. 23-CV-357-WQH-JLB, 2023 WL 5599007, at *5 (S.D. Cal. July 28, 2023) (holding that complaint did not plead "the existence of a nexus between the [plaintiff's] alleged subscription and the video content at issue").

Plaintiff alleges that she is a "consumer" under the VPAA because she "has purchased goods from Defendant in the past." FAC ¶ 42. Plaintiff does not allege that she purchased any audio-visual "goods or services" from Defendant, and indeed alleges that the "products" Defendant sells are "yearbooks and class pictures." *Id.* ¶¶ 5, 40, 42. Plaintiff therefore cannot plead any "nexus" between her purchase and the "video content at issue." *Cf. Tawam*, 2023 WL 5599007 at *5.

Plaintiff argues that the litany of decisions recognizing a nexus requirement are wrong, and in any event distinguishable. Plaintiff's contrary interpretation focuses on the supposed "plain

meaning" of the isolated and undefined term "purchaser."  Opposition ("Opp.") at 10 [Dkt. No. 18].  But "[i]n interpreting a statute … courts are not to construe each phrase literally or in isolation."  *Hunthausen v. Spine Media, LLC*, No. 3:22-cv-1970-JES-DDL, 2023 WL 4307163, at *3 (S.D. Cal. June 21, 2023) (quoting *Carter*, 2023 WL 3061858, at *5).  And in context, "a reasonable reader would understand the definition of 'consumer' to apply to a … purchaser … of audio-visual goods or services, and not goods or services writ large."  *Id.*  Plaintiff's efforts to distinguish this line of cases focus on the fact that the "consumers" therein were alleged to be subscriber-consumers, rather than purchaser-consumers.  Opp. at 13–14; *see* 18 U.S.C. § 2710(a)(1) ("consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider").  But *Carter* and similar cases explain without qualification that that the term "consumer"—the umbrella term used in the VPPA's operative provision—applies only to a "renter, purchaser or subscriber of audio-visual goods or services."  *Carter*, 2023 WL 3061858, at *6.  Nor does Plaintiff offers any persuasive rationale for requiring a nexus between a "subscriber" and the audiovisual content at issue, but not between a "purchaser" and that same content.

        Plaintiff also alleges that she is a "subscriber" under the VPAA because she downloaded Defendant's mobile app onto her smartphone.  FAC. ¶ 43.  To plausibly allege she is a subscriber under the VPPA, a plaintiff must allege an association with the defendant that is "sufficiently substantial and ongoing."  *In re Vizio*, 238 F. Supp. 3d at 1223 (finding that the plaintiffs plausibly alleged they were subscribers because they paid for the defendant's application and defendant "continues to service them" through "software updates" and other features); *see also Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1252 (11th Cir. 2015) ("[A] person who downloads and uses a free mobile application on his smartphone to view freely available content, without more, is not a 'subscriber' . . . under the VPPA."); *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 489 (1st Cir. 2016) (concluding that the plaintiff plausibly established he was a "subscriber" because when he downloaded defendant's mobile app, he provided personal information such as his Android ID and his mobile device's GPS location at the time he viewed a video, which was "a commitment to provide consideration in the form of that information").

        The Court finds that the mere fact that Plaintiff allegedly downloaded Defendant's mobile

app is inadequate to sustain a finding (even for pleading purposes) that she is a "subscriber" of Defendant's alleged video services. The FAC alleges no facts whatsoever to establish a "substantial and ongoing" relationship with Defendant or its app. It also does not even allege that she viewed any of Defendant's video content on its mobile app. Having failed to plausibly allege that Plaintiff is a "subscriber" of Defendant's video services, the FAC does not adequately plead that she is a "consumer" under the VPPA.

## V. CONCLUSION

The Court finds that Plaintiff's allegation that Defendant's website is a "video tape service provider" within the meaning of the VPPA is inadequate. Further, the Court finds that Plaintiff purchasing Defendant's product in the past or downloading Defendant's app is inadequate to allege that she is a "consumer" or "subscriber," respectively, within the meaning of the VPPA. Because Plaintiff has already amended the complaint once as a matter of course, *see* [Dkt. Nos. 1, 14], and since the fatal deficiencies cannot plausibly be remedied by further pleading, the Court finds that amendment would be futile and ***dismisses*** the First Amended Complaint without leave to amend. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020).[2]

Dated: February 7, 2024

Hernán D. Vera
United States District Judge

---

[2] The Court need not, and does not, reach Defendant's Request for Judicial Notice [Dkt. No. 16].